UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:21-CV-00543-FDW-DCK

| | |
|---|---|
| JTH TAX LLC *d/b/a* LIBERTY TAX SERVICES, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) TEMPORARY RESTRAINING ORDER<br>)<br>) |
| CHARLES GAUSE and GAUSE ENTERPRISES LLC *d/b/a* MR. CHARLES TAX, | )<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |

THIS MATTER is before the Court on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunctive Relief pursuant to Rule 65 of the Federal Rules of Civil Procedure (Doc. No. 4). After careful consideration of the record, the Court GRANTS IN PART the Motion to the extent it seeks a temporary restraining order and continues to DEFER IN PART a ruling on the Motion to the extent it seeks preliminary injunctive relief. The Court finds, for purposes of this Temporary Restraining Order only, as follows:

## **FINDINGS OF FACT**

It appears from the record that Defendant Charles Gause ("**Gause**") previously franchised and operated two Liberty Tax Service franchises from Plaintiff, JTH Tax, Inc., pursuant to two franchise agreements (the "Agreements"). Pursuant to the terms of the Agreements, Plaintiff granted Gause a license to certain of Plaintiff's federally registered trademarks, service marks, and logos, and disclosed certain confidential information, including methods of operation and customer and marketing information, to Gause through Plaintiff's operation manual, training manuals, training programs, and in providing guidance and assistance to Gause. In return, Gause was required under

the Agreements to protect Plaintiff's confidential information and trade secrets and, upon termination of the Agreements, was (1) prohibited from using, disclosing, or permitting the use or disclosure of Plaintiff's confidential information; (2) required to stop using all literature and forms received by Plaintiff, deliver to Plaintiff all customer information and all copies of Plaintiff's operations manual and any updated thereto; and (3) prohibited from competing, or facilitating the competition of others, with Plaintiff.  Specifically, the Agreements' non-competition provision provides that Gause will not "[f]or a period of two (2) years following the termination, expiration, transfer or other disposition of the Franchised Business… directly or indirectly, for a fee or charge, prepare or electronically file income tax returns… within the Territory or within twenty-five (25) miles of the boundaries of the Territory".

During the term of the Agreements, Gause breached the Agreements by failing to maintain required business hours, failing to submit required gross receipt reports, and failing to pay amounts due and owing to Plaintiff.  As a result, on March 3, 2021, Plaintiff terminated the Agreements. Plaintiff now asserts that Defendants are currently operating a competing tax preparation business out of the same office as one of Gause's former Liberty Tax Service franchise locations.  Plaintiff further asserts that Defendants are using Plaintiff's confidential information and operations manual to operate the competing business.

Based on the foregoing and the record in this case, there is good cause to believe that Plaintiff will succeed on the merits of its claims.  Moreover, this Court finds that Plaintiff has suffered, and will continue to suffer, irreparable harm to its ability to protect its confidential information, customer goodwill, and reputation through Defendants' continued violations of the post-termination obligations of the Agreements.  There is also good cause to believe that Plaintiff's request for this *ex parte* relief is not the result of any lack of diligence on Plaintiff's part, but

instead is based upon the nature of Defendants' unlawful conduct. Additionally, there is little harm to Defendants in granting this temporary restraining order, which only requires Defendants to do that which they are required to do under the Agreements. See Granny Goose Foods, Inc. v. Bd of Teamsters, 415 U.S. 423, 439 (1974) (granting a temporary restraining order to preserve the status quo of the parties and prevent irreparable harm to the plaintiff). Lastly, the public interest is furthered by the granting of a temporary restraining order, as it is undoubtedly in the public interest to protect legitimate business interests by enforcing valid restrictive covenants and avoiding customer confusion. Accordingly, this Court finds that issuance of a temporary restraining order is appropriate.

**RELIEF**

Based on the above findings of fact and the record in this case, IT IS THEREFORE ORDERED that Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunctive Relief (Doc. No. 4) is GRANTED IN PART, to the extent it seeks a temporary restraining order, and the Court continues to DEFER IN PART a ruling on the Motion to the extent it seeks preliminary injunctive relief.

Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, Defendants are TEMPORARILY RESTRAINED AND ENJOINED as follows:

A. Defendants are enjoined from directly or indirectly, for a fee or charge, preparing or electronically filing income tax returns, or offering Financial Products (as defined in the Agreements), within the Territories (as defined in the Agreements) or within twenty-five (25) miles of the boundaries of the Territories;

B. Defendants are enjoined from directly or indirectly soliciting any person or entity served by any of their prior Liberty Tax Service offices within the last twelve (12) months that they were a Liberty Tax Service franchisee, for the purpose of offering such person or entity, for a fee or charge, income tax preparation, electronic filing of tax returns, or Financial Products (as defined in the Agreements);

C. Defendants are enjoined from using or disclosing any of Plaintiff's Confidential Information (as defined in Section 12 of the Agreements), including, without limitation, methods of operations, customer information, and marketing information;

D. Defendants are ordered to transfer to Plaintiff all telephone numbers, listings and advertisements used in relation to the Franchised Business (as defined in the Agreements);

E. Defendants are ordered to deliver to Plaintiff any original and all copies, including electronic copies and media, of lists and other sources of information containing the names, addresses, e-mail addresses, or phone numbers of customers of the Franchised Business (as defined in the Agreements);

F. Defendants are ordered to deliver to Plaintiff any original and all copies, including electronic copies and media, containing customer tax returns, files, and records;

G. Defendants are ordered to deliver to Plaintiff all copies of the confidential Operations Manual and any updates;

H. Defendants, and all those acting by, through, or in concert with them, are enjoined from using Plaintiff's intellectual property, including, but not limited to, its trademarks and trade dress, and from otherwise engaging in unfair competition with Plaintiff;

I. Defendants, and all those acting by, through, or in concert with them, are ordered to comply with the post-termination obligations set forth in the Agreements; and

J. Defendants, and all those acting by, through, or in concert with them, are ordered to comply with the non-compete and non-solicitation provisions set forth in the Agreements.

Pursuant to Fed. R. Civ. P. 65(b)(2), pending further order of this Court, the temporary restraining order shall expire at 11:59 p.m. of the fourteenth (14th) calendar day following the date on which this Order is entered. Additionally, pursuant to Fed. R. Civ. P. 65(b)(4), on two (2) days' notice to Plaintiff, Defendants may appear and move to dissolve or modify the Order.

IT IS SO ORDERED.

Signed: November 1, 2021

Frank D. Whitney
United States District Judge