UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:21-CV-00543-FDW-DCK

| | |
|---|---|
| JTH TAX LLC *d/b/a Liberty Tax Services*, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CHARLES GAUSE *et al.*, ) <br> ) <br> Defendants. ) <br> ) <br> ) | ORDER |

THIS MATTER is before the Court on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunctive Relief, (Doc. No. 4); the parties' Stipulation of Preliminary Injunction, (Doc. No. 25); and Plaintiff's Motion to Dismiss Defendant's Counterclaims, (Doc. No. 30). The motions have been fully briefed and are ripe for review. For the reasons set forth below, the Court GRANTS Plaintiff's Motion to Dismiss, GRANTS Plaintiff's Motion for Preliminary Injunctive Relief, and ADOPTS the parties' Stipulation of Preliminary Injunction as the preliminary injunction of this Court.

## I.   BACKGROUND

Defendant Charles Gause ("**Gause**") is resident of the State of North Carolina, (Doc. No. 26, p. 2), and a former Liberty Tax franchisee who operated two Liberty Tax income tax preparation service centers in Charlotte, North Carolina until March 2021, (Doc. No. 33, p. 1). Defendant Gause Enterprises is a North Carolina corporation with its principal place of business at 5716 Wyalong Dr. G, Charlotte, NC 28277. (Doc. No. 26, p. 2). In its Complaint, Plaintiff asserts it terminated the franchise agreements entered into by the parties in 2013 and 2016 for Gause's failure to cure material breaches. (See Doc. No. 1). Following the termination of the

franchise agreements, Plaintiff alleges Defendants have unlawfully competed with Plaintiff by using Plaintiff's confidential information, falsely identifying as Liberty franchisees, and offering tax preparation services within twenty-five miles of Gause's former Liberty franchises, all in breach of the post-termination obligations set forth in the franchise agreements. Id. Accordingly, on October 13, 2021, Plaintiff initiated this action, asserting several causes of action, including breach of contract and violation of Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836, *et seq* (the "**DTSA**"). (See Doc. No. 1).

That same day, Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunctive Relief, (Doc. No. 4). Although Plaintiff's application for temporary restraining order was initially denied, (see Doc. No. 8), the Court granted Plaintiff's motion for temporary restraining order on November 1, 2021, (see Doc. No. 12). On November 15, 2021, the temporary restraining order expired, and on December 8, 2021, the parties filed their Stipulation of Preliminary Injunction, (Doc. No. 25). Then, on January 20, 2022, Defendants filed their Answer, (Doc. No. 26), raising two counterclaims against Plaintiff for breach of contract and attorney's fees, and Plaintiff subsequently filed its Motion to Dismiss Defendants' Counterclaims, (Doc. No. 30).

## II. JURISDICTION

As a preliminary matter, the Court notes Defendants conclusorily assert in their Answer to Plaintiff's Complaint, "[t]he Court lacks subject-matter jurisdiction, FED. R. CIV. P. 12(b)(1); [and] the Court lacks personal jurisdiction, FED. R. CIV. P. 12(b)(2)." (Doc. No. 26, p. 1). Defendants fail to support these nonsensical assertions either in their Answer or in a motion to dismiss, likely because the Court clearly has both subject matter jurisdiction over this action and personal jurisdiction over Defendants. Nonetheless, the Court determines it has jurisdiction over

this action and Defendants for the reasons set forth below.

"The subject matter jurisdiction of a court refers to its 'statutory or constitutional *power* to adjudicate the case.'" United States v. Curbow, 16 F.4th 92, 116 (4th Cir. 2021) (quoting Steel Co. v. Citizens for Better Env't, 523 U.S. 83, 89 (1998)) (emphasis in original). "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Lack of subject matter jurisdiction may be raised at any time by a litigant or the court itself. Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). In its Complaint, Plaintiff raises a claim for violation of the DTSA. Accordingly, this Court has subject matter jurisdiction based on federal question jurisdiction. See 28 U.S.C. § 1331; 18 U.S.C. § 1836.

Personal jurisdiction over a defendant may be either general or specific. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414. 8 & 9 (1984). General personal jurisdiction "requires continuous and systematic contacts with the forum state, such that a defendant may be sued in that state for any reason, regardless of where the relevant conduct occurred." Szulik v. TAG Virgin Islands, Inc., 783 F.Supp.2d 792, 796 (E.D.N.C. May 2, 2011) (quoting CFA Inst. v. Inst. of Chartered Fin. Analysts of India, 551 F.3d 285, 292 n.15 (4th Cir. 2009)) (internal quotations omitted). Here, it is undisputed that Defendant Charles Gause ("**Gause**") is a resident of the State of North Carolina, (Doc. No. 26, p. 2) and operated two Liberty Tax income tax preparation service centers in Charlotte, North Carolina until March 2021, (Doc. No. 33, p. 1). Similarly, it is undisputed that Defendant Gause Enterprises is a North Carolina corporation with its principal place of business at 5716 Wyalong Dr. G, Charlotte, NC 28277. (Doc. No. 26, p. 2). Thus, this Court may properly exercise personal jurisdiction over both

Defendants.[1]

### III. MOTION TO DISMISS

a. Standard of Review

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

b. Analysis

In their Answer, Defendants attempt to raise two counterclaims against Plaintiff: (1) breach of contract; and (2) attorney's fees. The entirety of Defendants' counterclaims are set out as follows:

> DEFENDANT'S FIRST COUNTERCLAIM: BREACH OF CONTRACT
> 8. In the alternative, Plaintiff's willful refusal to comply with the Agreement constitutes breach of contract. As a direct and proximate result of the foregoing, the Defendant has suffered damages of no less than $25,000.00.
> 9. The purpose of the parties Agreement has not been met because the Plaintiffs [sic] willfully mislead [sic] the Defendant and subsequently refused to

---

[1] Because the Court finds it may properly exercise general personal jurisdiction over Defendants, a discussion of specific personal jurisdiction is unnecessary.

remedy Defendant's financial injuries. Thus, the Plaintiff did not abide by the Agreement.
10. As a direct and proximate result of the foregoing, Plaintiff [sic] has suffered damages of no less than $25,000.00.
11. Defendant has performed all conditions precedent to the institution of this action.
12. Defendant [sic] has breached the parties' agreement and obligation and despite repeated requests from the Plaintiff [sic], Defendant [sic] has not complied with the agreement.

SECOND COUNTERCLAIM: ATTORNEY'S FEES
13. The filing of Counterclaim has been necessitated by Plaintiff's wrongful conduct. Defendant is an interested party, bringing this action in good faith, and is entitled to an award of costs, including attorney fees.

(Doc. No. 26, pp. 13-14). These counterclaims clearly fail under Rule 12(b)(6).

Under Virginia law, a breach of contract claim requires allegations of: (1) a legally enforceable obligation; (2) violation or breach of that obligation; and (3) injury caused by the breach. Filak v. George, 594 S.E.2d 610, 614 (Va. 2004) (citations omitted). It is well settled under Virginia law that a breach of contract claim necessarily fails if the claim does not identify any contractual provision breached. See Van v. BAC Home Loan Servicing LP, No. 4:10cv73, 2010 WL 9077597, at *5 (E.D. Va. Sep. 23, 2010); see also Compel v. Citi Mortg. Inc., No. 1:04-CV-01377-LMB, 2005 WL 4904816, at *2 (E.D. Va. Feb. 23, 2005). Plaintiff argues, and the Court agrees, that Defendants' breach of contract counterclaim "lacks any factual content whatsoever, much less the kind that enables the Court to draw any reasonable inference that Defendants are entitled to relief." (See Doc. No. 31, p. 8). Defendants' nonsensical pleading is instead littered with conclusory statements that are not entitled to an assumption of truth. See Iqbal, 556 U.S. at 664. Accordingly, the Court finds DISMISSAL of Defendants' breach of contract counterclaim appropriate.

Defendants' second counterclaim, seeking attorney's fees, fairs no better. "Virginia follows the American rule on attorney's fees, under which '[g]enerally, absent a specific

contractual or statutory provision to the contrary, attorney's fees are not recoverable by a prevailing litigant from the losing litigant.'" Bolton v. McKinney, 855 S.E.2d 853, 855 (Va. 2021) (quoting REVI, LLC v. Chicago Title Ins. Co., 776 S.E.2d 808, 813 (Va. 2015)) (citation omitted). Here, Defendants have failed to identify any contractual or statutory basis for recovering attorney's fees. Defendants merely state, without citing to any law, that "when fraud is alleged… attorney's fees may be awarded…. As Defendant engages in the discovery process, he intends to prove that Plaintiff misled franchisees, engaged in deceptive business practices, and interfered in Defendant's Liberty Tax locations business…." (Doc. No. 33, p. 7). Defendants, however, have not alleged a claim—and have certainly not provided any facts that could support a claim—of fraud or any other tort. Accordingly, Defendants' counterclaim for attorney's fees is also DISMISSED.

## IV. PRELIMINARY INJUNCTIVE RELIEF

The Court now turns to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunctive Relief, (Doc. No. 4), and the parties' Stipulation of Preliminary Injunction, (Doc. No. 25). On November 1, 2021, the Court entered an Order granting Plaintiff's Motion to the extent it sought a Temporary Restraining Order and deferring on ruling on the motion to the extent it sought a Preliminary Injunction. On November 15, 2021, the Temporary Restraining Order expired. Then, on December 8, 2021, the parties filed their Stipulation of Preliminary Injunction. Because both parties have signed the stipulated preliminary injunction, the Court hereby GRANTS IN PART Plaintiff's Motion to the extent it seeks a preliminary injunction and ADOPTS the terms of the stipulation as the preliminary injunction of this Court. See Title Trading Servs. USA, Inc. v. Kundu, No. 3:14-CV-225-RJC-DCK, 2015 WL 1457472, at *1 (W.D.N.C. Mar. 30, 2015).

## V. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Motion to Dismiss Defendant's Counterclaims, (Doc. No. 30), is GRANTED. Defendant's Counterclaims are accordingly DISMISSED without prejudice to refiling in accordance with this Order and the Federal Rules of Civil Procedure by August 25, 2022.

IT IS FURTHER ORDERED that the Court GRANTS IN PART Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunctive Relief, (Doc. No. 4), to the extent it seeks a preliminary injunction, and ADOPTS the parties' Stipulation of Preliminary Injunction, (Doc. No. 25), as the preliminary injunction of this Court.

IT IS SO ORDERED.

Signed: August 15, 2022

Frank D. Whitney
United States District Judge