UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:21-cv-00543-FDW-DCK

| | |
|---|---|
| JTH TAX LLC, <br> d/b/a LIBERTY TAX SERVICES, <br>     Plaintiff, <br> vs. <br> CHARLES GAUSE, and <br> GAUSE ENTERPRISES LLC, d/b/a MR. CHARLES TAX d/b/a MR CHARLES TAX, <br>     Defendants. | ORDER and NOTICE |

THIS MATTER is before the Court following the filing of Plaintiff's Motion for Sanctions and Default Judgment, (Doc. Nos. 58, 59), and Plaintiff's Motion in the Alternative for Summary Judgment, (Doc. Nos. 60, 61), against Defendants Charles Gause ("**Mr. Gause**") and Gause Enterprises, LLC d/b/a Mr. Charles Tax ("**Gause Enterprises**"), on December 7, 2022.

For the reasons set forth below, Plaintiff's Motion for Sanctions and Default Judgment is **GRANTED IN PART and DENIED IN PART**; and Plaintiff's Motion in the Alternative for Summary Judgment is **MOOT** as to Defendant Gause Enterprises. Further, the Court notifies Mr. Gause that, in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), he has the right to respond to Plaintiff's Motion for Summary Judgment.[1] The Court also advises Mr. Gause

---

[1] See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) ("We agree with the plaintiff, however, that there is another side to the coin which requires that the plaintiff be advised of his right to file counter-affidavits or other responsive material and alerted to the fact that his failure to so respond might result in the entry of summary judgment against him."); see also Norman v. Taylor, 25 F.3d 1259, 1261 (4th Cir. 1994) ("In Roseboro v. Garrison,

1

that failure to respond may result in dismissal of this case. Thus, pursuant to the principles set forth in Roseboro, the Court advises Mr. Gause, who is proceeding *pro se*, of the burden he carries in responding to Plaintiff's Motion as outlined below.

## I. PLAINTIFF'S MOTION FOR SANCTIONS AND DEFAULT JUDGMENT

### a. Corporate Defendants

Plaintiff, in its Motion for Sanctions and Default Judgment, contends default judgment in Plaintiff's favor is an appropriate sanction under Rule 16(f), Rule 37(b)(2)(A)(vi), and Rule 55(a) of the Federal Rules of Civil Procedure, because Defendants have failed to obey several scheduling and pretrial orders issued in this matter by this Court and by Magistrate Judge Keesler. However, Plaintiff appears to conflate the entry of default pursuant to Rule 55(a) with the entry of a default judgment under Rule 55(b). In both its Motion and its Memorandum in Support, Plaintiff discusses default judgment but exclusively cites Rule 55(a) without ever citing Rule 55(b). (Doc. Nos. 58, 59). Accordingly, the Court construes Plaintiff's Motion as one for Entry of Default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

As Magistrate Judge Keesler has repeatedly stated, "It has been the law for the better part of two centuries . . . that a corporation may appear in federal courts only through licensed counsel." Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201–02 (1993) (citing Osborn v. President of Bank of United States, 9 Wheat. 78 (1824)) (other citations omitted). Rule 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk

---

528 F.2d 309 (4th Cir. 1975), this circuit held that pro se plaintiffs must be advised that their failure to file responsive material when a defendant moves for summary judgment may well result in entry of summary judgment against them.").

must enter the party's default." FED. R. CIV. P. 55(a). A corporate defendant's failure to comply with a court order to obtain counsel constitutes a failure to "otherwise defend" under Rule 55. Inspirational Network, Inc. v. TMH Telemedia Services Ltd., No. 3:10-cv-110-RJC-DSC, 2011 WL 5402669, at *1 (W.D.N.C. Nov. 8, 2011); see also Eagle Assocs. V. Bank of Montreal, 926 F.3d 1305, 1310 (2d Cir. 1991). Thus, after warning of the consequences of failing to retain counsel and permitting a reasonable time to do so, a court may enter default, and subsequently default judgment, against the noncomplying, unrepresented corporate defendant. See id. (affirming default judgment against the unrepresented corporate defendant that "willfully disregarded" the court's order to obtain counsel).

Entry of default against Defendant Gause Enterprises is appropriate and necessary in this case for three reasons. First, Magistrate Judge Keesler has provided Defendants with more than adequate notice of the requirement that to appear in federal court, corporate defendants must be represented by counsel. See (Doc. Nos. 45, 48, 49, 52). Second, Defendant Gause Enterprises has had ample opportunity to retain counsel; Judge Keesler first alerted it to this obligation in his September 22, 2022, Order, and as such Gause Enterprises has had over five months to do so. Third, Judge Keesler provided Defendants with ample warning that failure to promptly retain counsel could result in sanctions. See (Doc. Nos. 45, 48, 52, 53). Despite these repeated warnings, Mr. Gause made clear during his deposition testimony that he had no intention to retain counsel for Gause Enterprises, despite being the only person capable of doing so. (Doc. No. 59-2, p. 2–5). To date, Gause Enterprises has not retained an attorney to represent it in this matter.

As such, Defendant Gause Enterprises' failure to comply with multiple court orders to obtain counsel constitutes a failure to "otherwise defend," and entry of default pursuant to Rule

3

55(a) is appropriate. Therefore, Plaintiff's Motion for Sanctions and Default Judgment, (Doc. No. 58), is **GRANTED IN PART** to the extent it seeks entry of default against Defendant Gause Enterprises. The Clerk is respectfully **DIRECTED** to enter default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure as to Gause Enterprises. Plaintiff may file, at the appropriate time, a properly supported motion for default judgment under Rule 55(b) against Defendant Gause Enterprises.

### b. Mr. Charles Gause

Next, this Court must determine whether default judgment is appropriate for Mr. Gause in his individual capacity. Plaintiff argues that it is, because other courts have found that imposing sanctions against both Defendants is permitted where one individual defendant is responsible for the bad acts of the corporate defendant. (Doc. No. 59, p. 6 (citing Walpert v. Jaffrey, 127 F. Supp. 3d 105, 127 (S.D.N.Y. 2015)). While the Court finds this case instructive, in light of Mr. Gause's *pro se* status, the Court declines to follow Walpert here. It is undisputed that Mr. Gause can proceed *pro se* in this matter, as his right to do so is guaranteed by 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."). Accordingly, Plaintiff's Motion, (Doc. No. 58), is **DENIED** as to Defendant Charles Gause.

However, the Court warns Mr. Gause that moving forward, if he fails to abide by the Federal Rules of Civil Procedure, the Local Rules of this Court, and/or the Orders of this Court, this Court is strongly motivated to enter sanctions against him, including entry of default and default judgment.

## II. PLAINTIFF'S MOTION IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

In addition to its Motion for Sanctions and Default Judgment, (Doc. No. 58), Plaintiff also filed a Motion in the Alternative for Summary Judgment against both Mr. Gause and Gause Enterprises, (Doc. No. 60). Because the Court has already decided to enter default against it, Plaintiff's Motion for Summary Judgment is **MOOT** as to Defendant Gause Enterprises.

### a. Roseboro Notice for Summary Judgment Pursuant to Rule 56

In light of the principles set forth in Roseboro, before determining whether summary judgment is appropriate as to Mr. Gause, the Court must notify him of his right to respond to Plaintiff's Motion, advise him that his failure to do so may result in a judgment against him, and instruct him as to the burden he carries in responding. Roseboro, 528 F.2d at 310.

Plaintiff moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, which states: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The Rules then provide the procedures for parties to make motions for summary judgment, as well as the procedures for opposing such motions:

> (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
> (2) Objection That a Fact Is Not Supported by Admissible Evidence. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
> (3) Materials Not Cited. The court need consider only the cited materials, but it may consider other materials in the record.

5

> (4) Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed. R. Civ. P. 56(c). This language means that if Mr. Gause has any evidence to offer to show that there is a genuine dispute as to any material fact for trial, he must now present it to this Court in a form which would otherwise be admissible at trial—for example, exhibits, affidavits, or unsworn declarations. An affidavit is a written statement sworn before a notary public. Unsworn statements, made and signed under the penalty of perjury, may also be submitted. Plaintiff should also be aware that under Rule 56(e), "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion; [or] grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it. . . ." Fed. R. Civ. P. 56(e)(2-3).

The Court acknowledges that Mr. Gause filed his *pro se* Response to Plaintiff's Motions for Sanctions and Summary Judgment on behalf of himself and Gause Enterprises in a timely manner on December 19, 2022. (Doc. No. 62). Nonetheless, in light of the principles set forth in Roseboro, Mr. Gause is advised that he has an additional fourteen (14) calendar days, or until **March 16, 2023**, to file an additional response to Plaintiff's Motion for Summary Judgment, (Doc. Nos. 60, 61). Mr. Gause's response must be properly served on Plaintiff and must include a certificate of service indicating the manner in which Mr. Gause served the parties. **Mr. Gause's failure to respond properly may result in Plaintiff being granted the relief it seeks—that is, the entry of summary judgment in its favor.**

Accordingly, the Court **CONTINUES** the trial in this case to the mixed trial term beginning with docket call on May 1, 2023.

### III. CONCLUSION

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Sanctions and Default Judgment, (Doc. No. 58), is:

   a. **GRANTED IN PART**, to the extent it seeks entry of default against Defendant Gause Enterprises; and

   b. **DENIED IN PART,** to the extent it seeks entry of default against Defendant Charles Gause;

2. Pursuant to Rule 55(a) of the Federal Rules of Civil procedure, the Clerk is **DIRECTED** to enter a default as to Defendant Gause Enterprises;

3. Plaintiff's Motion in the Alternative for Summary Judgment, (Doc. No. 60), is **MOOT** as to Defendant Gause Enterprises;

4. Defendant Charles Gause shall have until **March 16, 2023**, to file an additional response to Plaintiff's Motion in the Alternative for Summary Judgment, (Doc. No. 60), and failure to file a timely and persuasive response could lead to a judgment against him;

5. Trial in this case is **CONTINUED** to the mixed trial term beginning with docket call on **May 1, 2023**; and

6. The Clerk is respectfully **DIRECTED** to send a copy of this Order to Defendants Charles Gause and Gause Enterprises LLC's address of record: 7016 McLothian Lane, Huntersville, North Carolina 28078.

IT IS SO ORDERED.

_____
Frank D. Whitney
United States District Judge