# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| JTH TAX LLC d/b/a LIBERTY TAX SERVICE,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES GAUSE and GAUSE ENTERPRISES LLC d/b/a MR. CHARLES TAX,<br><br>Defendants. | Case No.: 3:21-cv-543-FDW-DCK<br><br>**MOTION FOR DEFAULT JUDGMENT AGAINST GAUSE ENTERPRISES AND REQUEST FOR RULING ON COUNTS II AND IX AGAINST CHARLES GAUSE**<br><br>**RULE 55** |

Plaintiff JTH Tax, LLC d/b/a Liberty Tax Service ("Liberty") hereby moves for Default Judgment pursuant to Fed. R. Civ. P. 55(b) against Gause Enterprises, LLC ("Gause Enterprises") on Counts III, IV, and IX of Liberty's Verified Complaint. Liberty also kindly requests the Court enter judgment on Counts II and IX with respect to Defendant Charles Gause ("Defendant Gause"), which the Court deferred ruling on in its Order Granting in Part Liberty's Motion for Summary Judgment [DE 66]. In support of its motion, Liberty shows the Court the following:

1. Liberty filed its Verified Complaint in this case on October 13, 2021, seeking monetary relief and injunctive damages against Defendants. [DE 1].

2. Liberty alleged nine total counts in its Verified Complaint, as follows:

    i. Breach of Contract (monetary claim against Defendant Gause only);

    ii. Breach of Contract (equitable claim against Defendant Gause only);

    iii. Tortious Interference with Contract (against Defendant Gause Enterprises

only);

  iv. Violation of Defend Trade Secrets Act (against all Defendants);

  v. Conversion (against Defendant Gause only);

  vi. Unjust Enrichment (against all Defendants);

  vii. Unfair Competition (against all Defendants);

  viii. Request for Preliminary Injunction (against all Defendants); and

  ix. Request for Permanent Injunction (against all Defendants).

3. On December 8, 2021, the Parties entered into a Stipulated Injunction for two years from the date of the Order. [DE 25].

4. On December 10, 2021, Defendants filed their Answer and asserted two counterclaims against Liberty. [DE 26].

5. The Court granted Liberty's motion to dismiss the counterclaims on August 15, 2022, and adopted the stipulated injunction as the preliminary injunction sought in Count VIII. [DE 43].

6. On September 22, and 29, 2022, Defendants' now former attorney moved to withdraw as Defendants' counsel. [DE 44 and 46]. The Court granted the September 29, 2022 motion. [DE 48].

7. On December 7, 2022, Liberty moved for default judgment against all Defendants based on their refusal to obtain new counsel for Gause Enterprises despite the admonitions of the Court and the prohibition against corporate entities proceeding pro se in federal court. [DE 58].

8. Liberty also moved in the alternative for summary judgment against all Defendants on December 7, 2022. [DE 60].

9. The Court construed Liberty's motion for default judgment as a motion for entry of default under Fed. R. Civ. P. 55(a), and entered default against Gause Enterprises only on March 3, 2022. [DE 64].

10. Pursuant to the Court's Order, the Clerk entered default against Gause Enterprises on March 3, 2023. [DE 65].

11. On April 25, 2023, the Court granted in part Liberty's motion in the alternative for summary judgment. [DE 66].

12. The Court granted Liberty's motion with respect to Counts I, IV, and V against Defendant Gause. [DE 66].

13. The Court denied Liberty's motion with respect to Counts VI and VII. [DE 66].

14. The Court denied as moot Count III because it was asserted against Gause Enterprises only, and a default had already been entered. [DE 66].

15. The Court deferred ruling on Counts II and IX, both of which seek equitable relief in the form of a permanent injunction until after "trial and/or simultaneously with its ruling on a motion for default judgment." [DE 66].

16. The Court issued notice that trial would be limited to Counts VI and VII. [DE 66].

17. For the reasons stated in the memorandum of law in support filed contemporaneously with this motion, Liberty seeks default judgment against Gause Enterprises with respect to Counts III, IV, and IX, and, pursuant to the Court's April 25, 2023 Order, requests the Court rule on Counts II and IX in its motion for summary judgment with respect to Defendant Gause. [DE 60; DE 66].

18. Once final judgments have been entered on Counts I, II, III, IV, V and IX, Liberty

will move to dismiss this action pursuant to Rule 41(a)(2). Such a dismissal would operate to dismiss Counts VI and VII, the only two claims remaining for trial.

19. As explained more fully in Liberty's memorandum of law in support of this motion, default judgment is warranted because a defaulting defendant admits as true all the factual allegations in a plaintiff's complaint as true, and Liberty has stated claims for relief in Counts I-V and IX of its Complaint. *See FTC v. Pukke*, 53 F.4th 80, 107 (4th Cir. 2022).

20. Accordingly, Liberty moves the Court to:

   a. Enter default judgment against Gause Enterprises as to Counts III, IV, and IX;
   b. Order Defendants to pay $65,920.00 plus pre- and post-judgment interest;
   c. Grant Liberty's motion for summary judgment as to Counts II and IX and permanently enjoin Defendants from violating the non-competition and non-solicitation provisions of the Franchise Agreements for two years from the date of the Court's Order; and
   d. Enter any other relief the Court deems just and proper.

Respectfully submitted this 7th day of June, 2023.

        **GORDON REES SCULLY MANSUKHANI, LLP**

By: */s/ Allison J. Becker*
Allison J. Becker
N.C. State Bar No.: 41993
Benjamin L. Williams
N.C. State Bar No.: 53665
421 Fayetteville Street, Suite 330
Raleigh, North Carolina 27601
Telephone: 984-242-1796
Facsimile: 919-741-5840
abecker@grsm.com
blwilliams@grsm.com
*Attorneys for JTH Tax LLC d/b/a Liberty Tax Service*

## CERTIFICATE OF SERVICE

      I CERTIFY that on this 7th day of June, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification to such to all counsel of record. I further certify that a copy of the foregoing was sent via U.S. Mail to the following individuals:

Mr. Charles Gause
7016 McLothian Ln.
Charlotte, NC 28078
charles@gauseassociates.com

                                       **GORDON REES SCULLY MANSUKHANI, LLP**

      By:    */s/ Allison J. Becker*
                  Allison J. Becker